124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Cunanan AGUARIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 13, 1997 San Francisco, California.
Aug. 28, 1997.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service
 
 
 2
 Before: ALFRED T. GOODWIN and SIDNEY R. THOMAS, Circuit Judges, and John W. Sedwick,** U.S. District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 The parties are familiar with this case, so we will not set forth the facts in detail.
 
 
 5
 When, as in this case, the Board of Immigration Appeals ("BIA") conducts an independent review of the Immigration Judge's ("IJ") decision, we review the BIA's decision for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). Under this standard, the determination that an applicant is not eligible for asylum must be upheld unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See id.
 
 
 6
 We review the credibility findings of the BIA and the IJ for substantial evidence. See Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 1398.
 
 
 7
 Because the BIA rested its decision on one dispositive issue--the adverse credibility finding--we review only that determination. Ghaly, 58 F.3d at 1430. The BIA affirmed the IJ's adverse credibility determination, finding that Aguarin's testimony and the statements in his application for asylum were contradictory and internally inconsistent. Because the IJ and the BIA gave specific and cogent reasons, substantial evidence supports their adverse credibility determination. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). Where the BIA's adverse credibility finding is supported by substantial evidence, the conclusion that the petitioner is ineligible for asylum follows. Because Aguarin failed to demonstrate eligibility for asylum, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 8
 We deny the Petition for Review.
 
 
 
 **
 Honorable John W. Sedwick, U.S. District Judge for Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3